DENNIS K. BURKE
United States Attorney
District of Arizona

PAUL V. ROOD
Assistant United States Attorney
Arizona State Bar No. 004494
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7537
E-Mail: Paul.Rood@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>$37,720.00 in U.S. Currency,<br><br>　　　　　Defendant. | **VERIFIED COMPLAINT FOR FORFEITURE <u>IN</u> <u>REM</u>** |

Plaintiff, United States of America, through its attorneys, DENNIS K. BURKE, United States Attorney for the District of Arizona and Paul V. Rood, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"):

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

## THE DEFENDANT IN REM

2. The Defendant consists of $37,720.00 in United States currency ("Defendant currency"), seized on July 24, 2009, from James D. Noll ("Noll"), at the Border Patrol checkpoint 1153 located at on Highway 95, milepost 73, in north Yuma County, Arizona.

...

**JURISDICTION AND VENUE**

3.   Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant currency under 18 U.S.C. § 981. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355. Venue is proper in this district pursuant to 28 U.S.C. §§1355, 1395, 18 U.S.C. § 981(h),  because the property was found in this district.

**FACTS**

4.   On July 24, 2009, U.S. Border Patrol Agent Philippe Gorgue  (BPA Gorgue) was on duty at the Border Patrol checkpoint 1153 located at on Highway 95, milepost 73.  At approximately 1800 hours, BPA Gorgue observed a blue 2007 Ford crew cab pick up truck bearing Texas license plate number 74KHL6 approach the primary inspection area of the checkpoint.

5.   During the primary inspection, BPA  Gorgue, deployed Certified Narcotic Detection canine "Kaya"  to conduct a free air sniff around the exterior of the pickup.

6.   Kaya alerted to the bed of the pickup, which was then sent to the secondary inspection area of the checkpoint.

7.   BPA Gorgue identified himself to the driver and his passenger as a Border Patrol agent and explained his duties at the checkpoint.  The driver was identified as James D. Noll (Noll).   The passenger was identified as Yvonne Scott (Scott).  Both Noll and Scott were determined to be U.S. citizens.

8.   Noll stated that the blue Ford pickup, VIN:1FTPW12V27KB14804, belonged to his "boss."

9.   BPA Gorgue asked Noll for consent to search the truck.  Noll gave verbal consent.

10.   Utilizing Kaya, BPA Gorgue conducted a free air sniff of the bed of the pickup. Kaya alerted to the tool box located in the bed of the pickup.

11.   When asked if he had a key to open the tool box, Noll stated he did not possess a key to the tool box.

12. A search of the tool box revealed a gym type bag. Investigators note the bag had a strong odor of marijuana.

13. A search of the bag revealed 35 bundles of currency secured with rubber bands.

14. While counting the currency, agents note that the currency had a strong odor of marijuana.

15. The following represents a breakdown of the currency found in the bag:

| Number of Bills | Denomination | Total Per Denomination |
|---|---|---|
| 81 | $100.00 | $8,100.00 |
| 13 | $50.00 | $650.00 |
| 1437 | $20.00 | $28,740.00 |
| 23 | $10.00 | $230.00 |
| **TOTAL** | | **$37,720.00** |

16. Neither Noll nor Scott claimed any knowledge or ownership of the tool box, the gym bag or the currency.

17. On September 3, 2009, Jeremy Standiford filed a claim to the defendant currency with the U.S. Customs and Border Protection.

18. Defendant currency represents proceeds of trafficking in controlled substances or was used or intended to be used in exchange for controlled substances or were used or intended to be used to facilitate a violation of Title II of the Controlled Substance Act, 21 U.S.C. §§ 801, et seq. and is, therefore, subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant in rem issue for the arrest of the defendant; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant be forfeited to the United States of America for disposition according to law; and

...

3

that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 2nd day of December, 2009.

                                            DENNIS K. BURKE
                                            United States Attorney
                                            District of Arizona

                                            *Paul V. Rood*

                                            PAUL V. ROOD
                                            Assistant U.S. Attorney